IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEW CENTURY FINANCIAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. C-04-437 |
| | § | |
| NEW CENTURY FINANCIAL CORPORATION, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO STRIKE JURY DEMAND

On this day came on to be considered Defendants' Motion to Strike Jury Demand (d.e. 99) and Defendants' Motion for Leave to File Reply to Plaintiff's Opposition to Defendants' Motion to Strike Jury Demand (d.e. 104). After consideration of all evidence presented as well as the argument of counsel, this Court DENIES Defendants' Motion to Strike Jury Demand. Defendants' Motion for Leave to File Reply to Plaintiff's Opposition is therefore MOOT.

**I.     Jurisdiction**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**II.    Factual and Procedural Background**

Plaintiff New Century Financial, Inc. (NCF) asserts federal and state trademark infringement and state trademark dilution claims against Defendants New Century Financial Corporation (NCFC), New Century Mortgage Corporation (NCMC) and New Century REIT, Inc. Plaintiff seeks to recover only one type of damages and it is based on a theory of prospective corrective advertising.

On November 22, 2005, Defendants filed a Motion to Strike Jury Demand on the basis that Plaintiff has no viable damages claims, and because of this, Plaintiff does not have a right to trial by

jury. Plaintiff responded by filing an Opposition to Defendants' motion on November 29, 2005, asserting that it has a damages claim for corrective advertising, notwithstanding the Court's ruling excluding Plaintiff's proffered expert testimony on the cost of corrective advertising. Specifically, in support of its corrective advertising damages claim, Plaintiff intends to offer the following evidence at trial by way of testimony from NCF's president and NCF's chief financial officer:

> (1) Defendants' use of NEW CENTURY FINANCIAL CORPORATION and NEW CENTURY MORTGAGE has harmed Plaintiff; . . . (4) the number of mailers and/or advertisements Plaintiff has circulated in Texas bearing NEW CENTURY FINANCIAL; (5) the amount of money Plaintiff has spent advertising its mark over the past 10 years; (6) the value of Plaintiff's business and trademark; and (7) the cost to change Plaintiff's mark.

(Pl.'s Opp'n Mot. at 2-3.)

On November 30, 2005, the day before the final pretrial conference, Defendants filed a Motion for Leave to File Reply to Plaintiff's Opposition.

### III. Discussion

"The right to trial by jury is determined by the issues, not by the pleadings." Armco, Inc. v. Armco Burglar Alarm Co., 693 F.2d 1155, 1158 (5th Cir. 1982); see also Swofford v. B&W, Inc., 336 F.2d 406, 410 (5th Cir. 1964) ("the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings"). If Plaintiff is seeking purely equitable type relief, i.e., injunction or accounting or disgorgement of Defendants' profits, then Plaintiff does not have a right to a jury trial; rather it is the Court that determines whether to grant such equitable relief. Sheila's Shine Prod., Inc. v. Sheila Shine, Inc., 486 F.2d 114, 121-22 (5th Cir. 1973) ("The right of trial by jury does not extend to cases historically cognizable in equity. . . . [Plaintiff's] action for injunctive relief relating to trademark infringement and unfair competition was equitable in nature.");

Ironclad, L.P. v. Poly-America, Inc., No. Civ. A. 3:98-cv-2600, 2000 WL 1400762, at *10 (N.D. Tex. July 28, 2000) ("the Court reserved for determination all equitable relief, including Plaintiff's requested injunctive relief, until after the jury had returned a verdict"); Empresa Cubana del Tabaco v. Culbro Corp., 123 F. Supp. 2d 203, 206 (S.D.N.Y. 2000) (no right to jury trial in a trademark infringement action where the only relief sought is disgorgement of profits).

Within trademark law, corrective advertising has been ordered both as an aspect of injunctive relief (infringer ordered to conduct corrective advertising), see Taco Cabana Int'l v. Two Pesos, Inc., 932 F.2d 1113, 1126 (5th Cir.1991) (corrective advertising is discussed in section of opinion entitled "injunctive relief"); Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767, 769 (2d Cir.1984) ("injunctive relief in the form of corrective advertising"), and as an aspect of compensatory damages (infringed party compensated for past or prospective corrective advertising). See Big O Tire Dealers, Inc. v. Goodyear Tire and Rubber Co., 561 F.2d 1365, 1374 (10th Cir.1977) (jury award of $2.8 million to enable plaintiff to engage in corrective advertising); see also Data Race, Inc. v. Lucent Tech., Inc., 73 F. Supp. 2d 698, 725-26 (W.D. Tex. 1999).

Additionally, even if relief sought is not purely equitable, and thus the Court allows the case to proceed to a jury trial, the Court may later treat the jury verdict as merely advisory if the jury does not award any damages. Armco, Inc., 693 F.2d at 1158; see also Fed. R. Civ. P. 39(c) ("In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury. . . ."); Ironclad, L.P., 2000 WL 1400762, at *3. In the Fifth Circuit case Sheila's Shine Prod., Inc. v. Sheila Shine, Inc., 486 F.2d at 121-22, the district court ignored the jury verdict finding a likelihood of confusion where the jury awarded no damages. The Fifth Circuit affirmed the district court's action. Sheila's Shine Prod., Inc., 486 F.2d at 122; see also Armco, Inc., 693 F.2d at 1158

(The Fifth Circuit affirmed district court's finding of a likelihood of confusion which ignored the jury verdict finding no likelihood of confusion where only injunctive relief was sought.).

Plaintiff NCF is entitled to a trial by jury, because it is not seeking purely equitable type relief, i.e., injunction, or accounting or disgorgement of Defendants' profits. Plaintiff has asserted a damages claim based on a theory of prospective corrective advertising. Specifically, Plaintiff is not asking the Court to order Defendants to conduct corrective advertising; rather, Plaintiff is asking the jury to award compensatory damages for prospective corrective advertising that Plaintiff will conduct. Plaintiff is therefore seeking compensatory damages or legal relief. See Big O Tire Dealers, Inc., 561 F.2d at 1374; see also Data Race, Inc., 73 F. Supp. 2d at 725-26. According to its pleadings, Plaintiff will offer evidence related to this damages claim by way of testimony of NCF's president and NCF's chief financial officer. Because Plaintiff is seeking legal relief, the issue of whether Plaintiff will ultimately carry its burden proving damages under a theory of prospective corrective advertising should therefore be resolved by a jury. The Court notes that if the jury does not award Plaintiff any damages, the Court may then treat the jury's finding on the issue of likelihood of confusion as merely advisory. See Armco, Inc., 693 F.2d at 1158.

**IV.   Conclusion**

For the reasons stated above, Defendants' Motion to Strike Jury Demand (d.e. 99) is DENIED. Defendants' Motion for Leave to File Reply to Plaintiff's Opposition (d.e. 104) is MOOT.

SIGNED and ENTERED this 13th day of December, 2005.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE